# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ASBESTOS, WASTE AND HAZARDOUS WASTE LABORERS, LOCAL 78,** | **Civil No. 11-5821 (WJM)** |
| **Petitioner,** | **ORDER** |
| **v.** | **HON. WILLIAM J. MARTINI** |
| **ENVIRONMENTAL CONTRACTORS, INC.,** | |
| **Respondent.** | |

      **THIS MATTER** comes before the Court upon Petitioners' motion to confirm two arbitration awards. On November 18, 2010, an arbitrator held a hearing to determine whether Environmental Contractors, Inc. ("ECI") violated the parties' Collective Bargaining Agreement (the "CBA") by failing to seek union employees for a jobsite in Atlantic City. On December 28, 2010, the arbitrator issued an initial award finding that ECI had breached the CBA and ordering ECI to give Petitioner an opportunity to refer employees prior to doing any hiring. In that award, the arbitrator also ordered a second hearing on the issue of monetary relief. The arbitrator held the second hearing on June 2, 2011, and on July 10, 2011, the arbitrator awarded Petitioner $55,346.52 in lost wages and unpaid benefits. The arbitrator instructed Petitioner to distribute the award to its members who lost a work opportunity as a result of ECI's breach. ECI has failed to make any payments, and now Petitioner seeks to confirm both the initial award and the final award.

      ECI does not dispute that it has failed to pay the amounts awarded nor does it dispute the basic determinations made by the arbitrator. Rather, ECI claims that the award is improper because the arbitrator was not able to determine "with certitude" what employees were actually affected by the breach. ECI claims that this is a material issue of fact that presents the court from granting judgment as a matter of law. ECI is wrong.

The entry of judgment by a federal district court on an arbitration award is governed by Section 9 of the Federal Arbitration Act (FAA). That section provides, in relevant part, that:

> [i]f the parties in their agreement have agreed that a judgement of the court shall be entered upon the award made pursuant to the arbitration . . . any party to the arbitration may apply to [a] court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Section 10 of the FAA, in turn, provides that the district court may only vacate an arbitrator's award:

> (1) where [it] was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

"District courts have very little authority to upset arbitrators' awards." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). "[C]ourts are not authorized to reconsider the merits of an arbitrator's award." *United Parcel Serv., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers, Local Union No. 430*, 55 F.3d 138, 141 (3d Cir. 1995); *see also Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 261 F.Supp. 832, 835 (D.N.J. 1966), *aff'd* 397 F.2d 594 (3d Cir. 1968). "It is [ ] not the role of a court to correct factual or legal errors made by an arbitrator." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 240 (3d Cir. 2005). "Only when an arbitrator 'acted in manifest disregard of the law, or if the record before the arbitrator reveals no support whatsoever for the arbitrator's determination,' may a district court invade the province of the arbitrator." *United Transp. Union Local 1589*, 514 F.3d at 380 (quoting *United Indus. Workers v. Gov't of the V.I.*, 987 F.2d 162, 170 (3d Cir. 1993)); *see also News Am. Publ'ns, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990) ("[O]nly where there is a manifest disregard of the agreement, totally unsupported by the principles of contract construction and the law of the shop, may a reviewing court disturb the award.") (internal quotation omitted).

Absent manifest disregard, the court generally must confirm an arbitration award pursuant to 9 U.S.C. § 9 (upon application by party, "the court must grant such an order [confirming an arbitration award] unless the award is vacated, modified, or corrected"); *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987) ("Absent a statutory basis for modification or vacatur, the district court's task was to confirm the arbitrator's final award."); *Int'l Thunderbird Gaming Corp. v. United Mexican States*, 473 F. Supp. 2d 80, 83 (D.D.C. 2007) ("[I]n the absence of a legal basis to vacate, this court has no discretion but to confirm the award).

ECI argues that the Court should refuse to confirm the award because the lack of certitude means Petitioner has not met the requirements of Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. But the fact that Petitioner mistakenly moved under Rule 12(c) does not mean that the standards of that rule apply. "Confirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091, 1095 (9th Cir. 2011). The only inquiry for this Court to make is whether a ground for vacatur of the award exists; if not, the Court must confirm the award.

Here, ECI has not shown any reason why the Court should not confirm the award. ECI does not claim that any of the four exceptions delineated in Section 10 of the Act applies, nor does ECI attempt to show any manifest disregard on the arbitrator's part. ECI's argument regarding the arbitrator's lack of "certitude" similarly does not fit any of the four exceptions. The only conceivably applicable exception would be challenging the award based on the arbitrator's refusal to address pertinent evidence. But as the July 10th award makes clear, Petitioner produced evidence, which the arbitrator heard, regarding which union members were affected by the breach. ECI, despite being given an opportunity to present its own evidence, declined to do so. And the Court finds that the arbitrator's award was supported by the record. Thus, the Court must grant the motion.

For the foregoing reasons, and good cause shown,

**IT IS** on this 27th day of March 2012, hereby,

**ORDERED** that the arbitrator's award, consisting of both the initial award of December 28, 2010 and the final award of July 10, 2011, is hereby **CONFIRMED.**

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**